# UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: The Honorable Leo M. Gordon, Senior Judge

| | |
|---|---|
| POKARNA ENGINEERED STONE LIMITED,<br><br>      Plaintiff,<br>and<br><br>M S INTERNATIONAL, INC.,<br><br>      Consolidated Plaintiff,<br><br>      v.<br><br>UNITED STATES,<br><br>      Defendant,<br>and<br><br>CAMBRIA COMPANY LLC,<br><br>      Defendant-Intervenor. | Consol. Court No. 20-00127<br><br><br><br>**PUBLIC DOCUMENT** |

## PLAINTIFF'S REPLY BRIEF

## POKARNA ENGINEERED STONE LIMITED

                 Lizbeth R. Levinson
                 Ronald M. Wisla
                 Brittney R. Powell

                 FOX ROTHSCHILD LLP
                 1030 15th Street, NW
                 Suite 380 East
                 Washington, DC  20005
                 Tel: (202) 794-1182
                 Email: llevinson@foxrothschild.com

July 15, 2021           *Counsel for Plaintiff Pokarna Engineered Stone Limited*

124549801.1

# **TABLE OF CONTENTS**

| | | |
|---|---|---:|
| TABLE OF CONTENTS | | i |
| TABLE OF AUTHORITIES | | ii |
| I. | INTRODUCTION | 1 |
| II. | ARGUMENT | 2 |
| III. | CONCLUSION | 6 |

# **TABLE OF AUTHORITIES**

## **FEDERAL STATUTES**

19 U.S.C. § 1675(a)(2)(A) ........................................................................................................ 2

19 U.S.C. § 1675(a)(2)(B)(iv) ................................................................................................... 2

## **FEDERAL CASES**

*Albemarle Corp v. United States*,
    821 F.3d 1345, 1352-53 (Fed. Cir 2016) ......................................................... 2, 3, 4, 5

*Novolipetsk Steel Pub. Joint Stock v. United States,*
    483 F. Supp 3d 1281, 1286 (Ct. Int'l Trade 2020) ................................................ 2, 5

*Rhone Poulenc, Inc. v. United States,*
    268 F.3d at 1376, 1382 (Fed Cir. 2001) ..................................................................... 6

*Shakeproof Assembly Components, Div. of Ill. Tool Works, Inc.. v. United States,*
    899 F.2d at 1185, 1191 (Fed Cir. 1990) ..................................................................... 6

*Wheatland Tube Co. v. United States,*
    495 F.3d at 1361 (Fed Cir. 2007) ................................................................................ 5

UNITED STATES COURT OF INTERNATIONAL TRADE

<u>BEFORE</u>: The Honorable Leo M. Gordon, Senior Judge

| | |
|---|---|
| POKARNA ENGINEERED STONE LIMITED,<br><br>Plaintiff,<br>and<br><br>M S INTERNATIONAL, INC.,<br><br>Consolidated Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant,<br>and<br><br>CAMBRIA COMPANY LLC,<br><br>Defendant-Intervenor. | Consol. Court No. 20-00127 |

<u>REPLY BRIEF OF POKARNA ENGINEERED STONE LIMITED</u>

I.   **INTRODUCTION**

This Reply Brief responds to the briefs filed by Defendant the United States and Defendant-Intervenor Cambria Company LLC in response to the Motion for Judgment on the Agency Record filed by Plaintiff Pokarna Engineered Stone Limited ("PESL"). <u>See</u> Defendant's Response dated May 26, 2021 (ECF #45) ('Defendant Response) and Defendant-Intervenor's Response dated June 9, 2021 (ECF #47) ("Cambria Response"). The issue in this case concerns whether certain sample sales for which U.S. customers paid nominal amounts

1

should have been excluded from the calculation of U.S. price because they were not *bona fide*, representative commercial sales in the U.S. market and were not suitable for use as subject merchandise.

## II.     ARGUMENT

Defendant's Response Brief focuses primarily on PESL's argument that Commerce should have exercised its discretion under 19 U.S.C. § 1675(a)(2)(B)(iv) to conduct an analysis of whether the samples sales were *bona fide*. Defendant agrees that the statute requires Commerce to conduct a *bona fide* sales analysis in new shipper reviews, but is silent with regard to the applicability of this analysis in administrative reviews or investigations. Defendant Response at 29. Notwithstanding the silence of the statute, however, this Court has confirmed that Commerce has the discretion to apply the bona fide analysis in administrative reviews where the circumstances justified the analysis. *See Novolipetsk Steel Pub. Joint Stock Co. v. United States*, 483 F. Supp. 3d 1281, 1286 (Ct. Int'l Trade 2020), *appeal docketed* 21-1622 (Fed. Cir. Apr. 21, 2021) ("Section 1675(a)(2)(A) is capacious enough to accommodate Commerce's authority to examine which sales it will consider for purposes of establishing a dumping margin in an administrative review in some circumstances."). The same legal principles that guided the Court to affirm Commerce's application of the bona fide sales analysis within the context of an administrative review should similarly confirm that Commerce has the authority to apply the bona fide analysis in an investigation. Defendant itself agrees that while the statute does not mandate Commerce to apply the *bona fide* sales analysis in an investigation, it certainly does not preclude such analysis should Commerce determine the circumstances to be appropriate. Defendant's Response at 30.

The problem in this case is that Commerce never conducted any analysis whatsoever as to whether it would have been appropriate to exclude the samples sales in this investigation. As

Defendant aptly stated in its Response Brief, "[g]iven Congress's silence regarding application of a *bona fide* sales test in administrative reviews and investigations, Commerce has determined that it is not required to apply a *bona fide* sales test in circumstances outside of a new shipper review, but may do so in circumstances the agency finds appropriate." Defendant Response at 30. In the instant case, Commerce erred by never determining whether the circumstance of this investigation warranted the application of the bona fide sales analysis. Given the substantial evidence in the record regarding the sample sales, all solicited by Commerce, the agency should have at least considered whether to exercise the discretion it has to conduct a *bona fide* analysis in an investigation.

It is clear from the administrative record that Commerce viewed the exclusion of the sample sales as a key issue in the investigation. Commerce expressly addressed the issue in its Preliminary Determination, stating that "we consider several factors in determining whether to exclude sample sales for compensation, *i.e.* whether the sample sales make up a small portion of the total sales; whether the merchandise is not sold to customers for commercial consumption; whether these sales were negotiated under different circumstances than non-sample sales; and whether these sales are recorded differently." *See* Analysis Memorandum for the Preliminary Results of the Antidumping Duty Investigation of Certain Quartz Surface Products from India, Public Document ("P.D.") at bar code 3948044-01 (Dec. 4, 2019) at 4 ("Preliminary Analysis Memo"). In its Preliminary Determination, Commerce indicated that it would solicit further information from PESL regarding sample sales, and would continue to re-evaluate "the classification of such sales in the upcoming final, as appropriate." *Id*. In actuality, however, Commerce never conducted any further analysis in the Final Determination of whether the facts warranted the exclusion of the sample sales from the calculation of U.S. price.

Following the Preliminary Determination, Commerce elicited detailed information from PESL in a post-preliminary supplemental questionnaire regarding the precise nature of the sample sales, the prices at which they were sold, the uses to which the sample sales were dedicated, the methods of recording such sales in their books and records, and the differences in bar codes between sample sales and subject merchandise. *See* Third Supplemental Questionnaire, P.D. 321 at bar code 3926856-01 (Jan. 6, 2020). PESL responded in full, demonstrating in ten pages of text the pronounced differences between samples sales and other subject merchandise. <u>See</u> PESL's Third Supplemental Response, P.D. 333 at bar code 3934629-01 (Jan. 22, 2020) at p. 3-8. Commerce further verified the documentation submitted by PESL regarding the sample sales and stated:

> We also reviewed purchase orders showing that sample prices to one customer remained unchanged after { several years } while prices of slabs increased over roughly the same time period. Additionally, company officials explained the sizing of PESL's products and demonstrated how one customer offers samples through their online sales portal.

<u>See</u> Verification Report of Sales Response of PESL, P.D. 344 at bar code 3954025-01 (Mar. 13, 2020) at p. 12-13.

In its final determination, however, Commerce disregarded these facts and failed to consider the legal issue of whether these facts warranted it to exercise its inherent discretion to disregard non-*bona fide* sales in the calculation of U.S. price. Commerce failed to address any of the distinguishing characteristics of the sample sales and neglected to undertake any analysis of whether or not the circumstances were appropriate for it to exercise its discretion to exclude the sample sales under the *bona fide* sales provisions set forth in the statute.

While Commerce was not required to exclude the sample sales from the calculation of U.S. price, it did have an obligation under the circumstances of this case to consider whether the

4

facts of this investigation warranted the exercise of its discretion.  As reviewed above, PESL provided substantial evidence on the record (in response to specific requests from Commerce) describing the precise nature of the compensated the sample sales.  Having provided detailed information regarding sample sales that were specifically solicited by Commerce itself, the burden shifted to Commerce to make a determination whether or not the factual circumstances in this case warranted Commerce's exercise of its discretionary authority to exclude the sample sales from the calculation of U.S. price. Commerce erred by failing to undertake such an analysis in the final determination, despite the vast factual record before it.

The criteria that Commerce should have taken into account in determining whether to exercise its discretion to exclude the sample sales are those that govern all proceedings before the agency and that have been endorsed repeatedly by this Court.  As this Court enunciated in *Novolipetsk Steel*:

> Given 19 U.S.C. §§ 1675(a)(2)(A) and 1677a's silence with respect to the issue of what constitutes a sale, it is reasonable for Commerce to disregard sales that are not bona fide in an effort to calculate a dumping margin that suitably approximates an exporter or producer's selling practice.

*Id*. at 1287.

The same principle applies to investigations.  Neither Defendant nor Defendant-Intervenor takes issue with the axiomatic principle that Commerce is charged with responsibility for calculating a dumping margin "that suitably approximates an exporter or producer's selling practice."  The inclusion of non-*bona fide* or unrepresentative sales in the calculation of U.S. price contravenes the purpose of the antidumping laws. which is to lead to fair price comparisons.  See Wheatland Tube Co. v. United States, 495 F.3d at 1361.  Neither Defendant nor Defendant-Intervenor contest the well-established principle that Commerce is obligated to

calculate duties as accurately as possible.  See Shakeproof Assembly Components, Div. of Ill. Tool Works, Inc. v. United States, 268 F.3d 1376, 1382 (Fed. Cir. 2001); Rhone Poulenc, Inc. v. United States, 899 F.2d 1185, 1191 (Fed. Cir. 1990).   The requirement that Commerce issue fair and accurate determinations, is certainly not limited to only new shipper reviews, but applies as well to annual administrative reviews and investigations.  The fundamental principles of fairness apply to all proceeding segments under the statute.

### III.     CONCLUSION

For these reasons, PESL requests that this Court remand this case to Commerce with instructions to conduct an analysis of whether, based on substantial evidence on the record, the sample sales should be excluded from the calculation of U.S. price.  Commerce should have, but never did consider whether the inclusion of the sample sales distorted its analysis or resulted in an inaccurate margin.  Defendant mischaracterizes and overstates PESL's argument in claiming that PESL believes that "Commerce must exclude such sales from the margin calculation in investigations." See Defendant Response Brief at 30.  Commerce may not be required to exclude the sample sales from the calculation of U.S. price.  Given its inherent discretion to exclude the sample sales from the calculation of U.S. price, however, under the unique circumstances of this case, Commerce should have at least engaged in an a bona-fide sales analysis to determine whether the facts of this case warrant the exclusion of the sample sales from the calculation of U.S. price.

    Respectfully submitted,

    /s/ Lizbeth R. Levinson

    Lizbeth R. Levinson
    Ronald M. Wisla
    Brittney R. Powell

FOX ROTHSCHILD LLP
2020 K Street, N.W.
Suite 500
Washington, DC  20006
Tel: (202) 794-1182
Email: llevinson@foxrothschild.com

*Counsel for Plaintiff Pokarna Engineered Stone Limited*

July 15, 2021

**Word Count Certificate of Compliance**

This brief has been prepared utilizing Microsoft Word 2016 using a proportionally spaced typeface (12-point Times New Roman font).

In accordance with this Court's Scheduling Order and the Chambers Procedures of the United States Court of International Trade, the undersigned certifies that this brief complies with the word limitations set forth therein. Specifically, excluding those exempted portions of the brief, as set forth in 2 B (1) of the Chambers Procedures, I hereby certify that this brief contains 1635 words. This certified word count is based on the word count feature in the word processing system (Microsoft Word) used to prepare this brief.

/s/ *Lizbeth R. Levinson*

Lizbeth R. Levinson
Ronald M. Wisla
Brittney R. Powell

FOX ROTHSCHILD LLP
1030 15th Street, NW
Suite 380 East
Washington, DC  20005
 Tel:   202-794-1183
 Fax:  202-461-3102

July 15, 2021

124549635.1