United States Court of International Trade
One Federal Plaza
New York, New York 10278



CHAMBERS OF
LEO M. GORDON
JUDGE

August 16, 2021

James T. Stoel, Esq.
Hogan Lovells US, LLP
Columbia Square Building
555 Thirteenth St., NW
Washington, DC 20004

      Re:    <u>Pokarna Engineered Stone Ltd. v. United States</u>
              Consol. Court No. 20-00127

Dear Mr. Stoel:

      Consolidated Plaintiff M S International, Inc. ("Plaintiff") seeks a remand from the court directing Commerce "to poll the industry or <u>to collect additional</u> information establishing whether there was industry support for Cambria's Petition." Pl.'s Reply Br. at 18, ECF No. 54 (emphasis added); <u>see also</u> Pl.'s Br. at 7, ECF No. 39. Plaintiff appears to have misread the applicable statutory provision, 19 U.S.C. § 1673a(c)(4)(D), which provides in pertinent part:

> **1673a(c)(4) Determination of Industry Support**
>
>    . . .
>
> **(D)**   **Polling the industry**
> **If** the petition does not establish support of **domestic producers or workers accounting for more than 50** percent of the total production of the domestic like product, the administering authority shall—
>
>     **(i)**     poll the industry or **<u>rely on other</u>** information in order to determine if there is support for the petition as required by subparagraph (A), or

19 U.S.C. § 1673a(c)(4)(D) (emphasis added).

The statute does not create a blanket, non-discretionary duty requiring Commerce to poll the industry. Nor does the statute require Commerce to "collect additional information." The statute instead sets forth a condition that must be satisfied before any requirement is triggered to poll the industry or rely on other information: the petition must first fail to establish support of domestic producers or workers accounting for more than 50 percent of the total production. Therefore, before any obligation arises for Commerce to poll or rely on other information, Plaintiff must first demonstrate that the petition does not establish the requisite 50 percent support among total production.

Plaintiff has a two-fold problem. First, it must prevail on the inclusion of fabricators within the domestic producers because the petition right now comfortably establishes the requisite 50 percent support when the fabricators are excluded, obviating any requirement to poll or rely on other information. This is the primary focus of Plaintiff's briefing.

Second, assuming arguendo that Plaintiff prevails on the inclusion of fabricators, Plaintiff still needs to demonstrate that the petition does not establish the requisite 50 percent support among total production inclusive of fabricators. Only then would Commerce have an obligation to make further inquiry about industry support by either (1) polling the industry or (2) relying on other information. Plaintiff has overlooked this issue because it appears to misunderstand the operation of § 1673a(c)(4)(D). Plaintiff never proffers its estimate of the total production inclusive of fabricators. Plaintiff therefore cannot demonstrate that it has mustered the requisite opposition to satisfy the condition precedent to obtain the relief it requests. Cf. Initiation Checklist at Attach. II, p. 16 n.129, ECF No. 30-7 (Commerce providing calculations demonstrating that "even if [Commerce] include[s] the fabricators' data provided by MSI, the petitioner still has the requisite level of industry support for the Petitions."). The record does not demonstrate enough opposition (even when fabricators are included) to trigger the requirement for Commerce to poll the industry or rely on other information to determine industry support. Id. Without this piece of the equation, the court cannot provide the relief Plaintiff seeks—a remand ordering Commerce to further inquire about industry support.

Plaintiff appears to have the statute backwards (in a circular loop) when it intimates that Commerce must first poll the industry to determine whether Commerce must poll the industry. See Pl.'s Reply Br. at 17. Plaintiff, not Commerce, needed to develop the record on total production and the level of opposition to the petition. Commerce did not presume industry support as Plaintiff contends. See Pl.'s Br. at 6. There was a petition containing both information and support. Plaintiff had a full and fair opportunity to submit information, which it did. Unfortunately, Plaintiff's numbers fall short of where they needed to be to invite further inquiry from Commerce on industry support (assuming arguendo Plaintiff prevails on the issue of including fabricators as producers). See Initiation Checklist at Attach. II, p. 16 n.129. The court cannot step in and make up the shortfall by presuming greater production or industry opposition beyond that provided on the record.

Consol. Court No. 20-00127                                                                                          Page 3

      Plaintiff needed to leave no doubt on this factual issue. Insisting Commerce must poll the industry or collect additional information is not responsive to the plain condition precedent in the statute. Plaintiff had to develop the record on the key factual issues (total production and opposition) if its objective was further inquiry from Commerce on the industry support determination. Plaintiff tried to do this with its standing challenge and submission. It just simply failed to hit the numbers needed on total production and opposition. See id.

      The court requests that Plaintiff submit a supplemental brief of five pages due on or before 5:00 PM on Friday, August 20, 2021 that addresses the operation of 19 U.S.C. § 1673a(c)(4)(D) and Plaintiff's route to relief. Defendant and Defendant-Intervenor will have each have five pages to respond, due on or before 5:00 PM on Thursday, August 26, 2021.

                                                   Sincerely,

                                                   /s/ Leo M. Gordon

                                                 Judge Leo M. Gordon

cc:        Joshua E. Kurland, Esq.
             U.S. Department of Justice
             Commercial Litigation Branch
             P.O. Box 480
             Ben Franklin Station
             Washington, DC 20044

             Luke A. Meisner, Esq.
             Schagrin Associates
             900 Seventh St., NW – Ste. 500
             Washington, DC 20001

Info copy:   Lizbeth R. Levinson, Esq.
             Fox Rothschild LLP
             1030 15th St., NW – Ste. 380 East
             Washington, DC 20005