IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:   THE HONORABLE LEO M. GORDON, SENIOR JUDGE

| | |
|---|---|
| POKARNA ENGINEERED STONE LIMITED & M S INTERNATIONAL, INC., | )<br>)<br>) |
| Plaintiff and Consolidated Plaintiff, | ) |
| v. | ) Consol. Ct. No. 20-00127 |
| UNITED STATES, | ) |
| Defendant, | ) **PUBLIC VERSION** |
| and | ) |
| CAMBRIA COMPANY LLC, | ) |
| Defendant-Intervenor. | ) |

## DEFENDANT'S RESPONSE TO MSI's SUPPLEMENTAL BRIEF

        BRIAN M. BOYNTON
        Acting Assistant Attorney General

        JEANNE E. DAVIDSON
        Director

        TARA K. HOGAN
        Assistant Director

| | |
|---|---|
| OF COUNSEL: | STEPHEN C. TOSINI |
| VANIA WANG | JOSHUA E. KURLAND |
| Attorney | Attorneys |
| U.S. Department of Commerce | Department of Justice |
| Office of the Chief Counsel for | Civil Division, Commercial Litigation Branch |
| Trade Enforcement & Compliance | PO Box 480, Ben Franklin Station |
| Washington, DC 20230 | Washington, D.C. 20044 |
| | tel.: (202) 616-5196 |
| | email: stephen.tosini@usdoj.gov |
| August 26, 2021 | Attorneys for Defendant |

## **DEFENDANT'S RESPONSE TO MSI's SUPPLEMENTAL BRIEF**

Defendant, the United States, respectfully responds to the supplemental brief filed by plaintiff, M S International, Inc.  MSI's supplemental brief, ECF No. 60 (MSI Br.), suffers from the same "circular loop" that the Court identified in its August 16, 2021, letter, ECF No. 59 (Ltr.), and none of MSI's contentions excuse its failure to proffer evidence on the record sufficient to upset Commerce's industry support determination.

As the Court correctly explained, "the petition . . . establishe{d} the requisite 50 percent support" based on Commerce's reasonable interpretation of producers.  Ltr. 2.  Given this *prima facie* showing, there was no duty to "poll the industry or rely on other information in order to determine if there is support for the petition," 19 U.S.C. § 1673a(c)(4)(D)(i), unless MSI were to proffer record evidence to rebut, clarify, or correct any error or omission in the petition.  In a misguided attempt to trigger polling under subparagraph (D), MSI proffered evidence regarding certain fabricators who opposed the petition.  Even when Commerce analyzed the available record evidence using MSI's fabricators' production volume in conjunction with that of the domestic producers, the results remained unchanged – the record reflected that the domestic producers who supported the petition accounted for more than 50 percent of total production.  MSI Br. Ex. 3, Ex. 3 at 7-8, 17.  Accordingly, MSI failed to trigger any obligation under subparagraph (D).

Rather than proffer actual record evidence below or in its brief, MSI contends that Commerce should have inferred from its partial submission that the petition would have lacked industry support, had MSI made a more complete submission.  *Id*. 3-5.  This misconstrues both the statute and MSI's burden.  First, the statute does not compel the polling that MSI seeks.  Subparagraph (D) directs additional inquiry to assess whether a petition meets the prongs of

subparagraph (A) only "{i}f the petition does not establish support of domestic producers or workers accounting for more than 50 percent of the total production of the domestic like product." 19 U.S.C. § 1673a(c)(4)(D) (this ratio equals total production volume of affirmative petition supporters divided by total domestic production).  Here, the India antidumping duty petition established this 50 percent threshold and thus, Commerce was not required to take further action, except to address any rebuttal to the petition on this point.  Commerce explained that even if it had included MSI's proffered evidence of fabricators' production in its calculations, producers accounting for 50 percent of the total production of domestic like product supported the petition.  At that point, again, there was no requirement to poll the domestic industry.  MSI Br. Ex. 3, Ex. 3 at 7-8.  Further, the decision whether to poll is discretionary, because, even under subparagraph (D), Commerce may "rely on other information" to determine industry support.[1]  19 U.S.C. § 1673a(c)(4)(D)(i).  There is no basis to conclude that Commerce would have abused its discretion by relying on record information proffered by both petitioner and respondent to make this finding.  *See*, *e.g.*, *Micron Tech., Inc. v. United States*, 117 F.3d 1386, 1396 (Fed. Cir. 1997) (in analogous situation courts "review verification procedures employed by Commerce in an investigation for abuse of discretion").  Indeed, the "the decision

---

[1] In fact, for the Turkey petitions, Commerce relied on other information to determine industry support under subparagraph (D). MSI Br. Ex. 3 at 7-8. MSI also claims that Commerce indicated that [                                    ] but this is wrong. Consistent with its practice, Commerce identified [                    ] as Commerce does not impute support or opposition to a producer that has not formally expressed such an opinion. *Id*. at 8. Commerce simply noted that, even if [                        ], the Turkey petitions would still have the requisite level of industry support. *Id*. at 7 n. 56. MSI also incorrectly claims that, even if Commerce were permitted to ignore its alleged 9,730 fabricators, the Turkey petition would still fail. This too is incorrect. Commerce explicitly addressed MSI's contentions and noted its failure to include certain producers of domestic like product in its industry support calculation for the Turkey petition, which formed the basis of MSI's unsubstantiated assertions. *Id*. at 18.

to select a particular methodology rests solely within Commerce's sound discretion." *Hercules, Inc. v. United States*, 673 F. Supp. 454, 469 (Ct. Int'l Trade 1987).

Similarly, the Statement of Administrative Action Accompanying the Uruguay Round Agreements Act (SAA) confirms Commerce's wide discretion to rely upon the record made by the parties. In discussing the polling subparagraph (D), the SAA explains that:

> if a petition provides sufficient evidence that domestic producers or workers accounting for more than fifty percent of total domestic production of the domestic like product expressly support the petition. Commerce will determine, on the basis of evidence contained in the petition, that the petition is filed by or on behalf of the domestic industry. . . .
>
> If the requisite support *is not established on the face of the petition*, Commerce will poll or otherwise determine whether the industry supports the petition. In appropriate circumstances, Commerce may use statistically valid samples to determine whether the required support exists. *In conducting any required sampling, a primary source of information for Commerce will be information contained in the petition and placed on the record by domestic interested parties*.

1994 U.S.C.C.A.N. 4040, 4193 (1994) (emphasis added) (internal quotation marks omitted).

Second, MSI cannot now demand that the Court expand the record with speculative post-hoc analysis, simply because MSI's own submission was deficient. Where there is an opportunity for an interested party to submit record evidence to support an argument, "'the burden of creating an adequate record lies with {the interested party} and not with Commerce.'" *QVD Food Co. v. United States*, 658 F.3d 1318, 1324 (Fed. Cir. 2011) (quoting *Tianjin Mach. Imp. & Exp. Corp. v. United States,* 806 F. Supp. 1008, 1015 (Ct. Int'l Trade 1992)) (citing *NTN Bearing Corp. of Am. v. United States*, 997 F.2d 1453, 1458-59 (Fed. Cir. 1993)). Accordingly, as in *QVD*, MSI "is in an awkward position to argue that Commerce abused its discretion by not relying on evidence that {MSI} itself failed to introduce into the record." *Id.*

Additionally, MSI's apparent contention that a lack of industry support (when fabricators were included) was obvious finds no support in the facts or law. Pl. Br. 3 (alleging determination "deficient on its face"). In contrast, MSI's contention did not evolve from Commerce's analysis of MSI's data, but instead involved MSI's strategic decision to place only limited information regarding certain fabricators' production and views on the record. Commerce's alternative calculations are based on the record evidence, whereas MSI's arguments are based upon speculation and are unsupported by the record. Given its burden, MSI "needed to leave no doubt on this factual issue." Ltr. 3. MSI erroneously speculates that "if the remaining 9,730 fabricators…oppose the petitions" and produced a certain amount of quartz surface products (QSP), Commerce would need to reject the petitions. MSI Br. 5. However, MSI offered no evidence on the record regarding the position, production volume, or even the existence, of its purported 9,730 fabricators and, thus, these fabricators would be treated as neutral, consistent with Commerce's longstanding practice, even if they did exist. In sum, the record established that the petitions had the requisite level of support, even assuming for argument's sake that fabricators should be considered producers.

Finally, as the Court explained in its letter and as MSI agrees, the primary issue with regard to industry support for the underlying petition is whether certain fabricators, who purchase subject merchandise or domestic like product (QSP) and conduct certain finishing operations, qualify as domestic producers for industry support purposes. *See*, *e.g.*, MSI Br. 2, Def. Br. 6. Given the record evidence showing that fabricators do not meet the standard for being domestic producers, the Court need not address the sufficiency of MSI's submission regarding fabricators.

**CONCLUSION**

For these reasons, we respectfully request that the Court enter judgment in favor of the United States.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/  TARA K. HOGAN
Assistant Director

| | |
|---|---|
| OF COUNSEL:<br>VANIA WANG<br>Attorney<br>U.S. Department of Commerce<br>Office of the Chief Counsel for<br>Trade Enforcement & Compliance<br>Washington, DC 20230 | /s/  STEPHEN C. TOSINI<br>JOSHUA E. KURLAND<br>Attorneys<br>Department of Justice<br>Civil Division, Commercial Litigation Branch<br>PO Box 480, Ben Franklin Station<br>Washington, D.C. 20044<br>tel.: (202) 616-5196<br>email: stephen.tosini@usdoj.gov |
| August 26, 2021 | Attorneys for Defendant |

5