Slip Op. 21-111

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| POKARNA ENGINEERED STONE LIMITED, | |
|     Plaintiff, | |
| v. | |
| UNITED STATES, | Before: Leo M. Gordon, Judge |
|     Defendant, | Consol. Court No. 20-00127 |
| and | |
| CAMBRIA COMPANY LLC, | |
|     Defendant-Intervenor. | |

**OPINION**

[Granting partial judgment pursuant to USCIT Rule 54(b).]

Dated: August 26, 2021

    Lizbeth R. Levinson, Ronald M. Wisla, and Brittney R. Powell, Fox Rothschild LLP, of Washington, D.C., for Plaintiff Pokarna Engineered Stone Limited.

    Joshua E. Kurland, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant United States. On the brief were Brian M. Boynton, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Tara K. Hogan, Assistant Director. Of counsel were Vania Wang and W. Mitch Purdy, Attorneys, U.S. Department of Commerce, Office of Chief Counsel for Trade Enforcement and Compliance, of Washington, D.C.

    Luke A. Meisner and Roger B. Schagrin, Schagrin Associates, of Washington, D.C., for Defendant-Intervenor Cambria Company LLC.

    **Gordon, Judge**: Recently the court issued an opinion denying a challenge to the final determination made by the U.S. Department of Commerce ("Commerce") in the antidumping investigation of certain quartz surface products from India. See Pokarna

Consol. Court No. 20-00127 Page 2

Engineered Stone Ltd. v. United States, 45 CIT ___, Slip Op. 21-107 (Aug. 25, 2021) ("Pokarna"); see also Certain Quartz Surface Products from India, 85 Fed. Reg. 25,391 (Dep't of Commerce May 1, 2020) (final affirm. determ.) ("Final Determination"), and the accompanying Issues & Decision Memorandum, A-533-889 (Dep't of Commerce Apr. 27, 2020), https://enforcement.trade.gov/frn/summary/india/2020-09407-1.pdf (last visited this date) ("Decision Memorandum"). The court's opinion focused on the challenge to Commerce's decision to include paid sample sales in its calculation of respondents' U.S. price that was raised and briefed by Pokarna Engineered Stone Limited ("PESL"). See Pl.'s Mem. in Supp. of Rule 56.2 Mot. for J. on the Agency R., ECF No. 36; see also Pl.'s Revised R. 56.2 Mot. for J. on the Agency R., ECF No. 41-1 ("Pl.'s Br."); Def.'s Resp. in Opp'n to Pl.'s R. 56.2 Mots. for J. on the Agency R., ECF No. 45; Def-Intervenor's Resp. in Opp'n to R. 56.2 Mots. for J. on the Agency R., ECF No. 47; Pl.'s Reply Brief, ECF No. 53; Scheduling Order, ECF No. 33 (bifurcating briefing in this consolidated action between issues raised by PESL and M S International, Inc.). Given the court's decision, the question is whether the court should enter a partial judgment pursuant to USCIT Rule 54(b), sustaining Commerce's determination to include PESL's paid sample sales in its calculations of U.S. price. For the reasons set forth below, the court will enter a Rule 54(b) partial judgment.

Rule 54(b) provides in part that:

> [w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, cross-claim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

USCIT R. 54(b). Rule 54(b) requires finality—"an ultimate disposition of an individual claim entered in the course of a multiple claims action." Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956). Additionally, in evaluating whether there is no just reason for delay, the court examines whether the concern for avoiding piecemeal litigation is outweighed by considerations favoring immediate entry of judgment. See Timken v. Regan, 5 CIT 4, 6 (1983).

Here, PESL's brief solely challenged Commerce's decision not to exclude PESL's paid U.S. sample sales in the Final Determination. See generally Pl.'s Br. What remains for adjudication is a challenge by M S International, Inc. ("MSI"), arguing that Commerce lacked the requisite industry support to proceed with the underlying investigation. See Pl. MSI's Mot. for J. on the Agency R., ECF No. 39. As PESL did not raise or join the industry support challenge, the court's decision provides "an ultimate disposition" as to PESL's challenge to the Final Determination. See Sears, Roebuck & Co., 351 U.S. at 436; see also Pokarna, Slip Op. 21-107.

The entry of a Rule 54(b) partial judgment would serve the interests of the parties and the administration of justice by bringing this issue, and PESL's role in this litigation, to a conclusion. Partial judgment would also give PESL the opportunity to immediately appeal if it so chooses. Moreover, there is no threat of piecemeal judicial review as the

Consol. Court No. 20-00127 Page 4

resolution of the remaining issue presented by MSI does not implicate the final disposition of the challenge raised by PESL to Commerce's inclusion of paid U.S. sample sales in the <u>Final Determination</u>. Therefore, the court has no just reason for delay.

Based on the foregoing, the court will enter partial judgment pursuant to USCIT Rule 54(b).

<u>/s/ Leo M. Gordon</u><br>
Judge Leo M. Gordon

Dated: August 26, 2021
      New York, New York